UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANA HUFFAKER HOMEYER, CHRIS HOMEYER, | Case No. 1:12-cv-00021-EJL-CWD |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| BANK OF AMERICA, N.A. RECONTRUST COMPANY, N.A. MERSCORP, INC. "MERS" (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.), | |
| Defendants. | |

## INTRODUCTION

The Court has before it Defendants' Bank of America, N.A, ReconTrust Company, NA, and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (Dkt. 6), filed on January 25, 2012. The parties have briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the

decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

For the reasons discussed below, the Court will recommend that Defendants' motion be granted and this matter dismissed.

## BACKGROUND[1]

Plaintiffs allege that on or about June 25, 2007, they financed their purchase of real property located at 2424 Easy Maryland Avenue, Nampa, Idaho 83686 (the Property) with a loan obtained from Countrywide Home Loans, dba America's Wholesale Lender ("Countrywide"), which was memorialized in a promissory note (the "Note") and secured by a Deed of Trust to the Property. (Compl. at  1, 32, Dkt. 1-1; Aff. of Dina Ex. A, Dkt. 7-2.)  The Deed of Trust names Countrywide as the Lender, Fidelity (Canyon) National Title (Fidelity) as Trustee, Mortgage Electronic Systems, Inc. ("MERS") as beneficiary, and Plaintiffs as the borrowers. (Aff. of Dina Ex. B, Dkt. 7-3.)

The Deed of Trust expressly stated that MERS was the beneficiary "solely as nominee for Lender and Lender's successors and assigns, and notified Plaintiffs that the Note, together with the Deed of Trust, "can be sold one or more times without prior notice to Borrower." In that even, Plaintiffs would be notified where to send their payments, which would be received by a "Loan Servicer." Upon an event of default, Lender could invoke the power of sale, and "cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold." (Aff. of Dina Ex. B, (Dkt. 7-3 at 11.)

---

[1] The following facts are taken from the Complaint, as well as the documents of public record attached to Defendants' Motion to Dismiss, of which the Court takes judicial notice. (Dkt. 17.)

**REPORT AND RECOMMENDATION - 2**

Plaintiffs stopped making loan payments in August of 2008. (Aff. of Dina Ex. E, Dkt. 7-6.) By October 14, 2009, the amount outstanding was $24,001.68. (*Id.*) Defendants chose to invoke the power of sale to realize on the security in satisfaction of the debt. On October 14, 2009, MERS assigned its interest in the Deed of Trust to The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders, CWABS, Inc., Asset-Backed Certificates, Series 2007-8. The notarized Corporation Assignment of Deed of Trust executed by MERS was recorded on October 29, 2009, as Instrument No. 2009055001 in the records of Canyon County. (Aff. of Dina Ex. C, Dkt. 7-4.)  Also on October 14, 2009, The Bank of New York Mellon, by its Attorney-in-fact Bank of America Corporation G.P., LLC,[2] appointed ReconTrust as successor Trustee, and caused the Appointment of Successor Trustee to be recorded on October 29, 2009, as Instrument No. 2009055002. (Aff. of Dina Ex. D., Dkt. 7-5.) And finally, on October 14, 2009, ReconTrust issued a notice of Default, recorded on October 29, 2009, as Instrument No. 2009055003. (Dkt. 7-6.) ReconTrust issued a Notice of Trustee's Sale on August 10, 2011, which was mailed on August 16, 2011. (Aff. of Dina Ex. F, Dkt. 7-7.)

A foreclosure sale has not yet taken place. Plaintiffs filed their Complaint on December 13, 2011, alleging that title to the Property is "clouded," and seeking to quiet title. The Complaint alleges also that Plaintiffs requested a loan modification, were told

---

[2] The full signature block reads as follows: "The Bank of New York Mellon fka The Bank of New York, as Trustee, for the Certificateholders, CWABS, In., Asset-Backed Certificates, Series 2007-8, by BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, LP, by BAC G.P., LLC, its General Partner, as Attorney-in-Fact." The signature block indicates that Countrywide is now known as Bank of America Home Loans Servicing, LP, and Bank of America G.P., LLC, is Bank of America home Loans Servicings' General Partner, authorized to act on its behalf under a power of attorney.

**REPORT AND RECOMMENDATION - 3**

to stop paying their loan to do so, but were denied a modification. Although the Complaint alleges only a quiet title claim, Plaintiffs appear to bring claims under the Fair Debt Collection Practices Act, and assert various other theories, explained more fully below.

## ANALYSIS

### 1.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the United States Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court also may examine documents referred to in the complaint,

**REPORT AND RECOMMENDATION - 5**

although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**2.      Proof of Claim or Perfection of Security Interest**

Although not pled as such in their Complaint, Plaintiffs argue in their response brief that Defendants must "produce the proof of claim (and perfected security interest) as provided under Fed. R. Bankr. P. 3001(d)," otherwise Defendants are not a "real party of interest" and not entitled to foreclose because they lack standing. Plaintiffs claim Defendants must "prove up" the note, and produce the original note, before they may foreclose. Plaintiffs argue also that Defendants must show they are "real parties in interest."

First, Plaintiff misconstrues the applicable law and the mechanism Defendants are using in order to exercise their rights. Plaintiffs are confusing the standing requirements to bring a motion for relief from stay in bankruptcy court with judicial foreclosure proceedings, which do not require standing. In nonjudicial foreclosure proceedings, the trustee is not seeking to enforce the right to payment for a debt, but rather realizing its right to seize the security in satisfaction of the debt. *See* 11 U.S.C. § 501, 502; 11 U.S.C. § 101(5) (defining a "claim" as a right to payment). Bankruptcy law has no application to nonjudicial foreclosure. *Washburn v. Bank of Am., N.A.,* No. 1:11–cv–00193–EJL–CWD, 2011 WL 7053617 T *7 n.16 (D. Idaho Oct. 21, 2011).

Second, the Idaho Supreme Court rejected the same standing argument raised by Plaintiffs here in *Trotter v. Bank of New York Mellon*, holding that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of

the underlying note...." 152 Idaho 842, 275 P.3d 857 (Idaho 2012). This Court, in conformance with the Idaho Supreme Court's interpretation of Idaho law, likewise rejects Plaintiffs' argument that Defendants lack the ability to foreclose because they lack standing or must "prove" ownership of the original note. *See Cherian v. Countrywide Home Loans, Inc. et. al.*, No. 1:12-cv-00110-BLW, 2012 WL 2865979 *3 (D. Idaho July 11, 2012).

The Court will therefore recommend dismissal of Plaintiffs' claims based upon their arguments that Defendants lack standing, must prove ownership of the note and perfection of the security interest,[3] and be a real party in interest.

## 3.    Recording And Assignments

Plaintiffs allege that there are no records of any transfers or assigns between Countrywide into the REMIC, nor Countrywide and BAC, nor transfers recorded between BAC and Bank of America N.A., and that the lack of recording of these intermediate transfers violates Idaho law. (Dkt. 14 at 8.)

However, compliance with Idaho Code § 45-1506 is all that is required prior to initiating nonjudicial foreclosure proceedings on a deed of trust. *Trotter*, 275 P.3d at 862. The procedures set forth in Idaho Code § 45-1406 follow:

> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated; and
> (2) There is a default by the grantor or other person owing an obligation the performance of which is secured by the trust deed or by their successors in

---

[3] The act of recording the Deed of Trust perfected the Lender's security interest and provided notice to later purchasers of the lien. Idaho Code § 55-811.

**REPORT AND RECOMMENDATION - 7**

interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

(3) The trustee or beneficiary shall have (a) filed for record in the office of the recorder in each county wherein the trust property, or some part or parcel, is situated, a notice of default identifying the deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded, or a description of the trust property, and containing a statement that a breach of the obligation for which the transfer in trust is security has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation ...

(4) No action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed, or any part thereof, or if such action or proceeding has been instituted, the action or proceeding has been dismissed.

The record confirms that the Appointment of Successor Trustee, Notice of Default, and Notice of Trustee's sale complied with the above statutory requirements and were recorded as specified in the statute. The Deed of Trust was recorded on June 25, 2007, listing Countrywide Home Loans Inc. as the Lender. (Dkt. 7-3 at 2.) MERS, as the nominal beneficiary named in the Deed of Trust, executed a Corporate Assignment of the Deed of Trust on October 23, 2009, which was recorded later that same date, assigning its interest in the Deed of Trust to the Bank of New York Melon. (Dkt. 7-4 at 2.) The Bank of New York Melon then appointed a successor trustee, ReconTrust, which appointment was recorded. (Dkt. 7-5 at 2.) The successor trustee, ReconTrust, caused to be recorded a Notice of Default. (Dkt. 7-6 at 2.) Plaintiffs acknowledge they are in default. The statutory requirements were therefore met.

Nothing in the record indicates that there were unauthorized transfers, or that transfers of the deed of trust occurred requiring recording. Idaho law does not require

recording each assignment of a trust deed based upon transfer of the underlying note. *See O'Banion v. Select*, Case No. 1:09-cv-249-EJL-CWD, Report and Recommendation (Dkt. 202 Aug. 22, 2012) (holding that an assignment of the note does not require an assignment of the trust deed).

Plaintiffs argue also that MERS is not a true beneficiary under the Deed of Trust and therefore its assignment of its interest in the Deed of Trust is ineffective. (Dkt. 14 at 9.) However, this argument has been routinely rejected by the courts, including this Court. *See, e.g., Hobson v. Wells Fargo Bank, N.A.*, 2012 WL 505917, *5 (D. Idaho Feb. 15, 2012). *See also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044-45 (9th Cir. 2011) (rejecting the plaintiffs' argument that the appointment of a successor trustee is invalid because MERS is a sham beneficiary). In *Hobson*, relying in part on the Idaho Supreme Court decision in *Trotter*, this Court concluded that MERS had the authority to assign its beneficial interest in the deed of trust to the foreclosing bank. *Id.* By contrast, Plaintiffs have failed to cite any controlling authority supporting their position that MERS is a sham beneficiary. Nor have Plaintiffs alleged any facts distinguishing this case from *Hobson* or *Trotter*. In accordance with these decisions, the Court likewise concludes here that MERS had the authority to assign its beneficial interest in the Deed of Trust to The Bank of New York Mellon.

Therefore, to the extent Plaintiffs allege that transfers of the beneficial interest in the Note somehow violated Idaho Code § 45-1406, or that MERS lacked the authority to transfer its interest in the Deed of Trust, they have failed to state a claim.

**REPORT AND RECOMMENDATION - 9**

4.      **Securitization**

Plaintiffs generally aver that the securitization of their loan renders Defendants

unable to foreclose. "This is not a new battlefield. Several courts have rejected various

theories that securitization of a loan somehow diminishes the underlying power of sale

that can be exercised upon a trustor's breach." *Washburn v. Bank of America, N.A.*, Case

No. 1:11–cv–00193–EJL–CWD, 2011 WL 7053617, *4–5 (D. Idaho Oct. 21, 2011)

(internal quotation marks omitted) (citing cases). Nothing in Plaintiffs' complaint or

briefs opposing the motion to dismiss persuades this Court to deviate from these

decisions.

In their brief, Plaintiffs contend that their note was sold into an investment trust,

and once that occurred, Countrywide "forever lost control of the note." (Dkt. 16 at 16.)

Plaintiffs allege no facts suggesting that The Bank of New York Mellon acquired its

interest in the Note and Deed of Trust contrary to law. Rather, all the evidence shows that

Plaintiffs are more than $24,000.00 behind on their loan payments. Plaintiffs defaulted on

their loan obligation and the documents they signed in connection with obtaining the loan

state that the property may be sold in a nonjudicial foreclosure sale under these

circumstances. Securitization of the loan does not discharge Plaintiffs' contractual

obligation to repay the loan, or extinguish the Lender's ability to exercise the power of

sale under the Deed of Trust upon an event of default.[4]

---

[4] Although Plaintiffs indicate they had applied for, but were denied a loan modification, the Deed of Trust expressly
states that forbearance by Lender, and modification of amortization of the sums due granted by Lender, does not
operate to release Plaintiffs' liability. (Dkt. 7-3 at 9.) Additionally, the Deed of Trust states that Lender is not
required to extend the time for payment or otherwise modify amortization of the sums secured by the Deed of Trust
by reason of any demand made by Plaintiffs. (*Id.*)

**REPORT AND RECOMMENDATION - 10**

5.    **Quiet Title**

Next, Plaintiffs contend that their "title is clouded," and have styled their Complaint as a quiet title action, asking all parties who have a legal claim to the property to provide proof of such claim. In Idaho, a quiet title "action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim." Idaho Code § 6-401. The "purpose of a quiet title action is to establish the security of title." *Roselle v. Heirs and Devisees of Grover*, 789 P.2d 526, 529 (Idaho Ct. App. 1990).

The record in this case does not reflect that any foreclosure sale has occurred in regard to the Property. And nothing in the record suggests that Plaintiffs are not still the Property's owners of record, or that some other third party is claiming an interest in the Property. However, fatal to the Plaintiffs' quiet title claim is their failure to plead tender. "A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952). This is true even where the mortgagee has failed to pursue a foreclosure action within the applicable statute of limitations. *Id.; see also In re Mullen*, 402 B.R. 353, 358 (Bankr. D. Idaho 2008). Plaintiffs have not included an assertion in their complaint that they tendered payment of

their debt obligation. Without evidence or even an assertion that Plaintiffs can or are willing to tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law. Having not alleged tender, Defendants' motion to dismiss the quiet title claim is properly granted. *See Gilbert v. Bank of America, N.A., et. al.*, Case No. 1:11-cv-00272-BLW.

**REPORT AND RECOMMENDATION - 11**

Plaintiffs further assert that they do not know to whom the debt is owed. However, even assuming some yet unknown entity is the true Note Holder entitled to receive payments, the fact that the entity is unknown is not a cloud on the title. Rather, the security instrument itself is the cloud upon Plaintiffs' title. *See Power & Irrigation Co. of Clear Lake v. Capay Ditch Co.*, 226 F. 634, 639 (9th Cir. 1915) (explaining that a deed, which operates as a mortgage, constitutes the cloud on title). Unless and until the Note Holder fails to produce clear title and a warranty deed upon tender, Plaintiffs may not fail to comply on their part with the provisions of the Note requiring payment. *See Rischar v. Shields Et. Ux.*, 145 P. 294, 295 (Idaho 1914) (holding that purchasers of land could not refuse to tender payments on the grounds that the seller did not have clear title; purchasers had to tender purchase price, and could only maintain an action for damages if, at that time, seller could not produce clear title).

The tender rule has been applied in quiet title suits seeking equitable relief for almost 100 years. In *Power & Irrigation Co. of Clear Lake*, the Court of Appeals for the Ninth Circuit explained, in 1915, that regardless of possession by the grantee of the mortgage, the grantor of the mortgage could remove the cloud on the title upon "doing equity by redemption and payment of the mortgage debt, . . . and that he must do equity by payment of the balance of the debt, as a condition of removing the cloud," even if the lien of the mortgage was extinguished. 226 F. at 639. The court explained that, even though the right to enforce the mortgage by foreclosure had expired by limitation, the plaintiff was required, in equity, to pay the mortgage debt to obtain relief under a quiet title action. *Power & Irrigation Co. of Clear Lake*, 226 F. at 640—41. *See also Platts v.*

**REPORT AND RECOMMENDATION - 12**

*Pac. First Fed. Sav. & Loan Ass'n of Tacoma*, 111 P.2d 1093, 1097 (Idaho 1941)

(Givens, J. concurring in part, dissenting in part) ("equity will not remove a cloud on the

title to real estate, occasioned by the owner's failure to pay a valid debt, while the debt

remains unpaid"); *Kelley v. Clark*, 129 P.921, 926 (Idaho 1913) (stating that "one who

asks equity must do equity" and, upon a showing that plaintiff owed the debt, plaintiff

was required to pay the amount due upon the mortgage foreclosure decree before the

court, in equity, would quiet title in the plaintiff.).

     The tender rule is still the rule today, and absent the money necessary to pay the

debt, a court of equity will not quiet title against the mortgagee. *Saldate v. Wilshire*

*Credit Corp*., 686 F.Supp.2d 1051, 1060 (E.D. Cal. 2010).

     Plaintiffs have not pleaded that they do not owe the debt. They acknowledge they

are in default. This pleading defect is fatal to their quiet title claim, yet Plaintiffs never

address the issue in their brief. Instead, they argue that Defendants cannot properly

foreclose the trust deed because, among other arguments, Plaintiffs are entitled to a

determination of who owns the Note and Deed of Trust. The Court is not persuaded. In a

different factual setting, a request for such a determination might make sense. But here,

Plaintiffs have failed to allege tender, precluding their quiet title action. The fact that the

Note, or an interest in the Note, may have been sold does not somehow relieve Plaintiffs

from making payments. As this Court recently observed, "Plaintiff cannot establish a

cloud on the title to the property just because Plaintiff has not been provided proof of

which entity holds the original promissory note." *Meyer v. Bank of Am.*, Case No. 1:10-

cv-632-EJL-REB, 2011 WL 4584762, at *3 (D. Idaho Sept. 30, 2011). As in *Meyer*,

**REPORT AND RECOMMENDATION - 13**

Plaintiffs are the undisputed fee owners of the property. Plaintiffs do not contest the Note or Trust Deed obligations. Thus, absent a tender allegation, Plaintiffs cannot succeed on their quiet title claim.

Moreover, the Trust Deed expressly states that the Note or a partial interest in the Note "can be sold one or more times without prior notice to Borrower," but "[i]f there is a change in Loan Servicer, Borrower will be given written notice of the change" as required by consumer protection laws. By signing the Deed of Trust, Plaintiffs agreed they might find themselves in exactly the position they now complain of—unsure of who owns their Note, but with clear instructions as to where to send payments to the Loan Servicer. As the Ninth Circuit Bankruptcy Appellate Panel recently observed, the borrower (the maker of the note) "should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note." *Veal v. Am. Home Mortgaging Serv., Inc*. (*In re Veal*), 450 B.R. 897, 912 (9th Cir. BAP 2011). Under these circumstances, the Court rejects Plaintiffs' quiet title claim. *Cf. Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1042 (9th Cir. 2011) (rejecting plaintiffs' argument that defendants had defrauded them as to MERS' role in the loan, and that MERS was used to hide ownership of the loan). *See also Washburn v. Bank of America, et. al*., Case No. 1:11-cv-00193-EJL-CWD, Order (Jan. 17, 2012) (wherein the Court effectively rejected the use of a quiet title claim in a mortgage foreclosure context when the plaintiff conceded she could not tender the amounts due under her loan agreement).

Defendants' motion to dismiss Plaintiffs' claim for quiet title should be granted.

**REPORT AND RECOMMENDATION - 14**

6.      **Fraud**

Plaintiffs allege that the assignment of the Deed of Trust is "void" because the same individual, Stephan Gross, executed both the Corporate Assignment of the Deed of Trust on behalf of MERS, in his capacity as Assistant Secretary, and he also executed the Appointment of Successor Trustee on behalf of The Bank of New York Mellon. Plaintiffs aver that this constitutes "robo-signing," and therefore fraud.

For claims based on fraud or deceit, Fed. R. Civ. P. 9(b) requires particularity in pleading the circumstances of the alleged fraud. It is well-settled that mere conclusory allegations of fraud are not sufficient for the purposes of Rule 9. Fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Faw v. Greenwood*, 101 Idaho 387, 389, 613 P.2d 1338 (1980) (quoting *Mitchell v. Siqueiros*, 99 Idaho 396, 401, 582 P.2d 1074, 1079 (1978)).

Plaintiffs have not alleged facts supporting any of the nine elements of fraud. Specifically, Plaintiffs have not pled what representations were made that were false, as Mr. Gross could very well have the authority to sign documents on behalf of both entities; Defendants' intent that their representations should be relied upon by Plaintiffs; which of the two Plaintiffs heard the representations and relied upon them, or any injury that resulted. Other than a general claim of "robo-signing," Plaintiffs have not set forth with particularity the required elements of their fraud claim. *See Cervantes*, 656 F.3d at

**REPORT AND RECOMMENDATION - 15**

1041 (affirming denial of claim for conspiracy to commit fraud through the MERS system because the allegations did not identify any representation made to the plaintiffs about the MERS system).

Moreover, the *Cervantes* court explained MERS's role. MERS uses personnel from its member entities to execute mortgage and foreclosure documents. "MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS." *Cervantes*, 656 F.3d at 1040. Mr. Gross, acting on MERS's behalf, assigned MERS's interest in the Deed of Trust to The Bank of New York Mellon, and in his capacity as attorney-in-fact for The Bank of New York Mellon, appointed ReconTrust as successor trustee. There are no facts alleged in the Complaint here to suggest that such actions invalidate the foreclosure documents. Nor have Plaintiffs alleged any facts to show they are prejudiced by the fact Mr. Gross signed the documents on behalf of both entities, or that Plaintiffs were injured by the alleged improper acknowledgment.[5] *See Pantoja v. Countrywide Home Loans, Inc.* 640 F.Supp.2d 1177, 1186-87 (N.D. Cal. 2009) (rejecting claim asserting irregularities in the foreclosure documents because the plaintiff did not allege that he suffered prejudice as a result).

---

[5] Plaintiffs allege that the notary block on the Appointment and Assignment were dated incorrectly, because Mr. Gross signed them on October 14, 2009, but the documents were not notarized until October 23, 2009. However, the acknowledgment simply requires that the notary confirm that the signatory did indeed sign the document. There is no requirement that the document be notarized on the same date Mr. Gross signed the document. Idaho Code § 55-707.

REPORT AND RECOMMENDATION - 16

Accordingly, the Court finds that Defendants' motion to dismiss should be granted, because Plaintiffs have not pled fraud, nor have they alleged that they were prejudiced by the alleged deficiencies in the foreclosure documents.

**7.      Fair Debt Collection Practices Act**

Plaintiffs allege a violation of the Fair Debt Collection Practices Act ("FDCPA"). It appears Plaintiffs claim that Defendant Bank of America admitted it was a debt collector, and that because the loan has been securitized, Defendants are therefore debt collectors. In addition, Plaintiffs continue their claim that, because Defendants cannot or have not produced the "wet ink" note, that this failure somehow violates the FDCPA. Defendants argue that the FDCPA does not apply in the context of foreclosure.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692. But the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or.2002). And lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA . *Ines v. Countrywide Home Loans, Inc*., Case No. 08cvl267 WQH (NLS), 2008 WL 2795875, *3 (S.D. Cal. July 18, 2008) (citing *Williams v. Countrywide*, 504 F.Supp.2d 176, 190 (S.D.Tex.2007) ("Mortgage companies collecting debts are not 'debt collectors.'").

**REPORT AND RECOMMENDATION - 17**

The term "debt collectors" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id*., § 1692a(6)(A). Mortgage companies collecting debts are not "debt collectors." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (noting that the legislative history of the act indicates that a "debt collector" does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned).

In this case, Plaintiffs do not allege any facts in support of their allegations that any Defendant qualifies as a "debt collector," or that any Defendant engaged in "debt collection activity." According to the Complaint, Bank of America is the current servicer, ReconTrust is the successor trustee, and MERS is the named nominal beneficiary. The lender, the lender's successor, and the servicer do not qualify as debt collectors under the FDCPA. *Caballero v. Ocwen Loan Serv.*, Case No. C–09–01021 RMW, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009); *see also De Dios v. Internat'l Realty & Investments*, 641 F.3d 1071, 1074-75 and n.3 (9th Cir. 2011) (explaining that a debt collector does not include the creditor who originated the debt, or "mortgage service companies and others who service outstanding debts for others," if the debt was not in default at the time they acquired the servicing rights). Finally, ReconTrust, as the

successor trustee, has no ownership interest in the Note and no claim can be stated against it under the FDCPA.

While it is true that Defendant Bank of America sent Plaintiffs a notice that included a disclaimer by Bank of America that it "is considered a debt collector," (Dkt. 14-3 at 16), such a disclaimer by Bank of America does not change the established case law holding that loan servicers collecting valid debts on behalf of a debtor's creditors are not debt collectors under the FDCPA. Moreover, even if Defendant Bank of America could be considered a debt collector under the FDCPA, Plaintiffs' complaint has not identified what actions Defendants took that were unconscionable or unfair under Section 1692(f) of the FDCPA.

Accordingly, any claim Plaintiffs assert based on the FDCPA should be dismissed.

## 8.     Leave to Amend

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The United States Court of Appeals for the Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." C*ook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

**REPORT AND RECOMMENDATION - 19**

In light of the established case law, and upon review of the Complaint and the claims made, the Court recommends that no leave be given to amend the Compliant. The addition of other facts would not cure the deficiencies in light of the claims made.

## CONCLUSION

The Court concludes that Plaintiffs, as explained above, have failed to state a claim upon which relief may be granted, and Defendants' motion should be granted.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)  Defendants' Motion to Dismiss (Dkt. 6) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within ten

(10) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result

of failing to do so, that party may waive the right to raise factual and/or legal objections

to the United States Court of Appeals for the Ninth Circuit.

Dated: **August 27, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 21**